FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 0 2006

JAMES W. McCORMACK, CLERK
By: _____
         DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

RICHARD C. RANDOLPH                                           PETITIONER

VS.                   NO. 4:04-CV-02300-WRW
                          4:02-CR-00216-01-WRW

UNITED STATES OF AMERICA                                      RESPONDENT

## ORDER

Petitioner has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 49). The Prosecution has responded (Doc. No. 53). Also pending is Petitioner's Motion for Order (Doc. No. 54).

### I.   BACKGROUND

On September 29, 2003, Petitioner plead guilty to bank robbery by force or violence, a violation of 18 U.S.C. § 2113(A). On December 19, 2003, Petitioner was sentenced to 151 months in prison followed by 3 years supervised release.[1] Petitioner did not appeal his sentence.

In his § 2255 motion, Petitioner appeared to assert claims of ineffective assistance of counsel and Sixth Amendment violations under *United States v. Booker*.[2] However, in a subsequent brief, Petitioner asserted that he, in fact, was not attempting to raise claims of ineffective assistance.[3]

---

[1] Doc. No. 45.

[2] 125 S.Ct. 738 (2005).

[3] Doc. No. 57.

-1-

## II.  DISCUSSION

### A.  Guilty Plea

Since Plaintiff contends that he is not pursuing claims of ineffective assistance of counsel, I will address only Petitioner's alleged constitutional violations regarding the career criminal enhancement.

Petitioner asserts that his constitutional rights were violated because he was informed that "if he entered into a guilty plea with the government" he would not be subject to the "career criminal enhancement."[4] However, this assertion lacks merit, because there was no plea agreement in this case.[5] Additionally, the Court asked Petitioner on more than one occasion whether he wanted to withdraw his plea of guilty, and he declined. Petitioner has failed to meet his burden of establishing that any constitutional rights were violated when he chose to plead guilty and received the career criminal enhancement.

### B.  *Blakely* and *Booker*

For Petitioner to pursue this claim, the rights identified in *Blakely* and *Booker* must be "retroactively applicable to cases on collateral review."[6] Petitioner asserts that the rulings in *Blakely* and *Booker* are to be applied retroactively to cases on collateral review. However, the Eighth Circuit has ruled that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."[7]

---

[4] Doc. No. 49.

[5] Doc. No. 53.

[6] 28 U.S.C. § 2255(3).

[7] *Never Misses A Shot v. U.S.*, 413 F.3d 781, 783 (8th Cir. 2005).

Because *Blakely* and *Booker* do not constitute newly recognized rights by the Supreme Court "made retroactively applicable to cases on collateral review," Petitioner's § 2255 motion is procedurally barred as to his *Blakely* and *Booker* claims.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 is DENIED. Petitioner's Motion for Order (Doc. No. 54) is MOOT.

IT IS SO ORDERED this 20th day of April, 2006.

_____
UNITED STATES DISTRICT JUDGE